Kirkpatriok C. J.
The state of demand filed in this case; contains no lawful cause of action. It merely states, that in the payment of a debt, the defendant let the plaintiff have two notes of hand, the one made by one Day, for 45 dollars, and the other by one Pamsons, for 10 dollars, recommending them, to be good notes and of full value, and at the same time knowing them not to be good. Now what is meant by good and of full value, is wholly uncertain. The most natural construction would be that they were genuine, and that the whole sums therein expressed, were due and unpaid; and the more so, because there is no pretence of any contract, or assumption, or warranty as to the solvency of the makers. This state of demand therefore, is in itself insufficient. But when we come to inspect the papers sent up, we clearly see that it could not, with *678 truth, have been otherwise, for so far from warranting the notes to be good as to the solvency of the makers, that of Day is assigned under the express condition that the assignor is not to stand security for any part thereof. And the plaintiff having taken it under this express condition, written upon the note itself, he cannot be permitted to aver the contrary.
*Besides this, the contrivance of getting Bonnet, who is clearly proved to be a party in interest in his representative capacity as administrator of Day, and that in the face of the defendants challenge to be' both a juror and a witness, is too gross to be maintained in this court.
Southard J.
This certiorari was brought to reverse a a judgment in favour of Potter for 48 dollars, with costs.
The state of demand charges, that Potter sold to Meeker a waggon, for 65 dollars, and that Meeker paid him by two notes of hand, which he fraudulently and knowingly imposed on him as good and of full value, when they were not so, the persons who gave them being insolvent. One of the notes amounting to 48 dollars, having been given to Meeker, by Charles Day, since deceased, whose estate had paid only 5 3-4 cents in the dollar; the other note, for 10 dollars, given by Jacob 8. Parsons, whose estate paid only one-half of the claims against him. Potter, therefore demands 55 dollars, the deficiency, as he alleges, of the two notes.
The note executed by Charles Day, accompanies the papers sent up by the justice; and on it is found an endorsement in the following words: “ I assign the within note to Amos Potter, jun. to collect of the heirs of Charles Day, deceased, and not to stand security for any part of the within note. Isaac Meeker
By the transcript it appears, that Jonathan C. Bonnet, the administrator of Charles Day, deceased, was a witness and juror; and by an amended return of the justice, it further appears, “ that made objections to Bonnet, when the jurors were called to take their seats, but when called to administer the oath, no objection was made, and therefore no triors were sworn.”
At the same time that the rule on the justice for an *679 amended return was taken, another was granted for affidavits, to prove the interest of Bonnel in the event of the-cause; and by the affidavits taken, it sufficiently appears, that one half of the waggon sold by Potter to Meeker, belonged to him as the administrator of Charles Bay; that Potter acted by his advice in making the contract, and that he had agreed with Potter, to take for his part, the same pay which Potter should get for his.
* Vanarsdale, of counsel with Meeker, the plaintiff in certiorari, urged several reasons for a reversal of the judgment.
1. The action was in case for a deceit, the judgment for 48 dollars, debt.
A conclusive answer to this reason is found in decisions of this court, as will be seen by referring to Cook v. Hendrickson. Pen. 343. Carmichael v. Howel. Pen. 375. White v. M’Call. Coxe 93. In all which cases it is declared, that the word debt, may, in such circumstances, be rejected as surplusage, and the judgment affirmed.
2. The action should have been founded on the assignment of the note, and not on the deceit in transferring it. It is answered, that fraud in assigning or transferring a note, may be the foundation of an action ; and, in the present instance, if the plaintiff below was injured, this was his only remedy. The character of the assignment precludes any action upon it.
3. The challenge to Bonnel ought to have been received and tried.
It is apparent, that the interest of Bonnel, as administrator of Bay, wras sufficient to exclude him as a juror. The challenge too, was abundantly made, and should have been tried. A party is not obliged to tender his challenge twice, but when once presented, the court should try it, unless it is explicitly waived. There is something not a little extraordinary in the appearance of this part of this case. Bay owned half the waggon ; it was sold, and Body’s note taken in payment. His administrator, who pays one-twentieth of his debts and of course this note among the rest, becomes a witness and juror, to effect the recovery of the balance of the note from the payee, who had bought Bay’s property with it. What becomes of *680 this balance, if recovered? There is an appearance of as well as interest in this matter, though it is perhaps only in appearance and arises from the manner in which the case is presented before the court. I am for a reversal.
Judgment reversed.